UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEITH E. ANDERSON, et al.,<br><br>Defendants. | CASE NO. CR02-0423C<br><br>ORDER |

This matter comes before the Court on Defendant Lynden Bridges's motion to reconsider the terms of his sentence and to stay the execution of his sentence pending appeal (Dkt. No. 1242). By his motion, Defendant seeks two forms of relief: (1) reconsideration and reduction of the terms of his sentence in light of factual inaccuracies that Defendant claims are present in the plea agreement; and (2) a stay of his sentence pending his current appeal. Having considered the allegations and arguments in Defendant's motion in light of all the facts and circumstances in this case, and finding oral argument unnecessary, the Court DENIES both of the requests in Defendant's motion for the following reasons.

**I.     Reconsideration and Reduction of Sentence**

   *A.     Federal Rule of Criminal Procedure 35*

There are two possible legal avenues for Defendant's request for a reduced sentence. The first is under Federal Rule of Criminal Procedure 35. However, as the government correctly notes,

ORDER - 1

motions for correcting or reducing a sentence under Rule 35 must be filed within seven court days of the entry of judgment imposing Defendant's sentence. *See United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). This seven-day requirement is jurisdictional, and thus the Court has no inherent authority to waive the defect and may not consider the merits of Defendant's motion. *Id.* at 1030. Defendant's sentencing hearing took place on September 16, 2005, and the judgment was docketed that same day. (*See* Dkt. Nos. 1212, 1213.) Defendant did not file his motion for reconsideration until October 6, 2005; even his signature on the motion is dated October 3, more than ten judicial days after his sentencing. (*See* Dkt. No. 1242.)

### B. 28 U.S.C. § 2255

The second possible source for Defendant's request is under 28 U.S.C. § 2255, which provides relief from sentencing errors of jurisdictional or constitutional magnitude, or from a sentence "amount[ing] to a fundamental defect that inherently results in a complete miscarriage of justice and that presents exceptional circumstances justifying extraordinary relief." *Lepera v. United States*, 587 F.2d 433, 435 (9th Cir. 1978) (internal quotations omitted). Defendant's primary complaint is that "the original Statement of Facts [in the plea agreement] as represented by the Prosecution and the IRS [is] not supported by the evidence or by the testimony of the prosecution[']s own witnesses." (Def.'s Mot. 12.) Defendant also argues that he was not provided sufficient opportunities to review and object to the plea agreement as written, and that his attorney refused to allow him to request changes to the agreement. (*See* Def.'s Mot. 4–6.)

These allegations do not identify sentencing defects "so fundamental that the substance of a fair trial has been denied." 3 WRIGHT ET AL., *supra*, § 593, at 698. It is unquestioned that the government must honor plea agreements: "The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known." *Santobello v. New York*, 404 U.S. 257, 261–62 (1971); *see also Buckley v. Terhune*, 397 F.3d 1149, 1162 (9th Cir. 2005) (sentence outside range contained in plea agreement violated due process); *United States v. Barresse*, 115 F.3d 610, 612 (8th Cir. 1996) (government's failure to

ORDER - 2

honor promise to seek downward departure constitutes breach of material term of plea agreement). But this principle is addressed to a breach of a sentencing element of the agreement, such as the term of imprisonment, amount of a fine, or other material conditions. Here, Defendant does not argue that the recitation of facts in the plea agreement had any prejudicial effect on his actual sentence. Indeed, he has not argued that there are any errors in the agreement's penalty section, and his 18-month term of imprisonment is well within the three-year maximum agreed to in the plea. (Def.'s Mot. 7; Dkt. No. 1136, at 3.) Under these circumstances, a disagreement as to the government's characterization of the evidence does not represent a constitutional or otherwise fundamental defect cognizable under § 2255.[1]

Defendant also appears to raise an ineffective assistance claim by arguing that his attorney refused to lobby for Defendant's requested changes to the plea agreement. (*See* Def.'s Mot. 6.) However, Defendant has not identified an error by his counsel that had any impact on any element of his sentence. *Cf. United States v. Granados*, 168 F.3d 343, 346 (8th Cir. 1999) (counsel's failure to identify breach of plea agreement resulted in two level increase in offense level). In the absence of a showing of prejudice, there is no issue cognizable under § 2255. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Accordingly, Defendant's motion to reconsider his sentence must be DENIED.

**II.     Stay of Sentence Pending Appeal**

Defendant has also requested that the Court stay his sentence pending appeal. Under Rule 38(b)(1), a stay of sentence is required only when a court orders a defendant released pending appeal. FED. R. CRIM. P. 38(b)(1). The Court may not make such an order absent clear and convincing evidence that the appeal "raises a substantial question of law or fact likely to result in" reversal or a reduced sentence. 18 U.S.C. § 3143(b). The Court can make no such findings on this

---

[1] Nor does § 2255 permit Defendant to argue that his sentence should be modified in light of the sentences imposed on his co-defendants. *See United States v. Bokun*, 73 F.3d 8, 12 (2nd Cir. 1995) ("Absent extraordinary circumstances, a defendant has no constitutional or otherwise fundamental interest in whether a sentence reflects his or her relative culpability with respect to his or her codefendants." (citing *Williams v. Illinois*, 399 U.S. 235, 243 (1970))).

ORDER - 3

1  record.  Accordingly, although Defendant has been allowed to self report for the commencement of
2  his term of imprisonment, the Court has not ordered his release pending appeal.  And because
3  Defendant has already filed his notice of appeal (Dkt. No. 1232), jurisdiction to entertain a motion
4  for a discretionary stay has passed to the court of appeals.  *See* FED. R. APP. P. 9(b).  Defendant's
5  motion for stay is therefore DENIED.

6　　　　　DATED this 21st day of October, 2005.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

ORDER - 4